## LUCAS *et al.* v. LUCAS.

No. 1834.    Opinion Filed July 18, 1912.

(125 Pac. 481.)

1.   **COURTS—Appellate Jurisdiction—Probate Cases.** An appeal from
     a judgment, decree, or order of the county court in probate
     cases will not lie direct from such court to the Supreme Court.

2.   **SAME.** Under the provisions of section 16, art. 7, and section 2,
     of the Schedule of the Constitution, an appeal lies to the district
     court in probate matters, in those cases in which an appeal was
     allowed by the Statutes of Oklahoma Territory (Wilson's Rev.
     & Ann. St. sec. 1793; Comp. Laws 1909, sec. 5451).

(Syllabus by Brewer, C.)

*Error from Pawnee County Court;*
*N. E. McNeil, Judge.*

Petition by Clayton Lucas, Stella Riddle, and Flora B.
Morris, contesting the will of Rus Lucas and asking that its
probate be annulled. From a judgment sustaining the demurrer
of W. R. Lucas to the petition, the petitioners bring error. Dismissed.

*E. M. Clark,* for plaintiffs in error.

*W. L. Eagleton,* for defendant in error.

Opinion by BREWER, C.   On September 9, 1909, the plaintiffs in error filed in the county court of Pawnee county a petition, contesting the will of Rus Lucas, who died April 5, 1904, and which was probated December, 1904, asking that the will be declared void and held for naught, and that its probate, and all proceedings and orders prior and subsequent to the order of probate, be vacated, annulled, and held for naught; that the plaintiffs in error be decreed to be heirs, and entitled to participate as such, in the estate of the said Rus Lucas, deceased. A demurrer was sustained to this petition, from which action of the court this appeal was brought direct to this court.

A motion to dismiss has been filed by the defendant in error, assigning numerous reasons why the appeal should be

dismissed; one of the grounds being that appeals in probate matters in the county court must be taken to the district court, and cannot be taken direct from the county court to this court. This contention is sound, and goes to the jurisdiction of this court.

Section 16, art. 7, of the Constitution, is as follows:

"Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county court to the district court of the county in the same manner as is now provided by the laws of the territory of Oklahoma for appeals from the probate court to the district court, and in all cases appealed from the county court to the district court, the cause shall be tried *de novo* in the district court upon questions of both law and fact."

The law of the territory of Oklahoma in force at the time of the adoption of the Constitution, providing for appeals from the county to the district court, is section 5451, Comp. Laws 1909:

"An appeal may be taken to the district court from a judgment, decree or order of the county court, * * * against or in favor of the validity of a will or revoking the probate thereof."

That this is a probate proceeding, one involving, and wholly depending upon, the probate jurisdiction of the county court, cannot be doubted. The constitutional provision relative to such appeals affords its own interpretation. The framers of the Constitution provided, with care, just how appeals from the county court might be taken. Section 15 of article 7 allows appeals from the county court direct to the Supreme Court in criminal cases, cases appealed from justice of the peace courts, and in civil cases originally brought in the county court. The next section (16, *supra*) deals entirely with appeals from county courts in probate matters, thus making the distinction between civil and probate cases clear. That such appeals are properly taken to the district court has been decided here in numerous cases. *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237; *Burdett v. Burdett,* 26 Okla. 416, 109 Pac. 922, 35 L. R.

A. (N. S.) 964; *Burnett v. Jackson,* 27 Okla. 275, 111 Pac. 194; *Welch v. Barnett, ante,* 125 Pac. 472.

In *Apache State Bank v. Daniels, supra,* it is said:

"Under the provisions of section 16, art. 7, and section 2 of the Schedule of the Constitution, an appeal lies to the district court, in probate matters, in those cases in which an appeal was allowed by the Statutes of Oklahoma Territory (Wilson's Rev. & Ann. St. 1903, sec. 1793; Comp. Laws 1909, sec. 5451)."

In the Welch case, *supra,* it is held that: " 'Probate proceedings' are not included in the term 'civil causes,' as used in section 15, art. 7, of the Constitution."

Without going into the other grounds urged for dismissal, we think it is clear that this court is without jurisdiction in this case, and that the appeal should be dismissed.

By the Court: It is so ordered.