BARNETT, *Guardian, et al.* v. BLACKSTONE COAL & MILLING CO.

No. 4123.    Opinion Filed April 1, 1913.

**COURTS** — Appellate Jurisdiction — Probate Matters. Under the provisions of section 16, art. 7, and section 2 of the Schedule of the Constitution, an appeal lies to the district court from the county court, in probate matters, in those cases in which an appeal was allowed under the statutes of Oklahoma Territory.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. C. Allen, Judge.*

Action between T. A. Barnett, guardian, and others and the Blackstone Coal & Milling Company. From the judgment, Barnett and others bring error. Motion to dismiss overruled.

*S. B. Dawes* and *Charles A. Cook,* for plaintiffs in error.

*Horace Speed,* for defendant in error.

WILLIAMS, J.    Section 16, art. 7 (section 201, Williams' Ann. Const. Okla.), of the Constitution of this state is as follows:

"Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county court to the district court of the county in the same manner as is now provided by the laws of the territory of Oklahoma for appeals from the probate court to the district court, and in all cases appealed from the county court to the district court, the cause shall be tried *de novo* in the district court upon questions of both law and fact."

In *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237, paragraph one of the syllabus is as follows:

"Under the provisions of section 16, art. 7, and section 2 of the Schedule of the Constitution, an appeal lies to the district court from the county court, in probate matters, in those cases in which an appeal was allowed by the statutes of Oklahoma Territory. Wilson's Rev. & Ann. St. 1903, sec. 1793; Comp. Laws 1909, sec. 5451."

Section 5451, Comp. Laws 1909, is as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:

"1.   Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship.

"2.   Admitting, or refusing to admit, a will to probate.

"3.   Against or in favor of the validity of a will or revoking the probate thereof.

"4.   Against or in favor of setting apart property, or making an allowance for a widow or child.

"5.   Against or in favor of directing the petition, sale or conveyance of real property.

"6.   Settling an account of an executor, or administrator or guardian.

"7.   Refusing, allowing or directing the distribution or partition of an estate, or any part thereof, or the payment of a debt, claim, legacy or distributive share; or,

"8.   From any other judgment, decree or order of the county court, or of the judge thereof, affecting a substantial right."

Under the eight subdivisions the district court acquired jurisdiction of the appeal from the county court, unless the appeal must be prosecuted to the Supreme Court by virtue of section 15, art. 7, of the Constitution, as contended for by the defendant in error. Sections 15 and 16 should be construed together so as to give effect to both. Under the holding in *Apache State*

*Bank v. Daniels, supra,* as to the appellate jurisdiction of the district court as to probate matters, the motion to dismiss must be overruled.

All the Justices concur.