## SMITH v. J. I. CASE THRESHING MACH. CO.

No. 5564.   Opinion Filed June 30, 1914.

Rehearing Denied September 8, 1914.

(142 Pac. 1032.)

1.   **APPEAL AND ERROR**—Parties—Dismissal.   A petition in error by one of three defendants, against whom judgment was entered jointly for the recovery of a specified sum, to which the other two defendants are made neither parties plaintiff nor defendant in error, must be dismissed for want of necessary parties.

2.   **COURTS**—Jurisdiction—Probate Matters—Appeal.   Under the provisions of section 6501, Rev. Laws 1910, an appeal lies to the district court from the county court in any probate cause.

(Syllabus by the Court.)

*Error from County Court, Wagoner County;*
*W. T. Hunt, Judge.*

Action by the J. I. Case Threshing Machine Company, a corporation, against Ella V. Smith, executrix of J. R. Smith, deceased. Judgment for plaintiff, and defendant brings error. Dismissed.

*S. T. Wiggins,* for plaintiff in error.

*Shartel, Keaton & Wells* and *Charles A. Cook,* for defendant in error.

LOOFBOURROW, J.   The defendant in error moves to dismiss the appeal in this case, and from the record it appears that the defendant in error commenced an action against Henry Kidd, Ella V. Smith, executrix of the last will and testament of J. R. Smith, deceased, and F. F. Jones, same being case No. 374 in the county court of Wagoner county, and also case No. 381 in the same court against the same parties.   In each of said cases the cause of action of plaintiff was based upon promissory notes signed by Henry Kidd, J. R. Smith, and F. F. Jones.   It appears that, after the execution of the notes, J. R. Smith died, and Ella V. Smith was appointed his executrix; that these notes

were presented to her as executrix, and the same allowed, but not paid; that later, to wit, on January 9, 1912, she made what purported to be a final settlement of the estate and obtained a final discharge from the county court; and that in such final settlement she represented that all claims against the estate had been settled, and that the same was ready for final settlement, and that she neglected and failed to show, that the claims of the J. I. Case Threshing Machine Company, which had been allowed, were still outstanding and unpaid, and the said J. I. Case Threshing Machine Company commenced case No. 395 in the county court of Wagoner county, setting forth the facts and praying that said order approving the final settlement and discharging the executrix be annulled and set aside. When these three cases were called for trial in the county court, it was stipulated and agreed by counsel in open court that the three cases (Nos. 374, 381, and 395) should be heard by the judge of the county court, the same evidence to be and serve for each one of the cases, except as to the evidence which is material to 395 and immaterial as to the other two, etc. The trial court rendered a joint judgment in cases Nos. 374 and 381 against the defendants below, Henry Kidd, Ella V. Smith, as executrix, and F. F. Jones; in case No. 395 the court made certain findings of fact and entered judgment setting aside the order of final settlement and discharge of the said Ella V. Smith, as executrix; in each of these cases the executrix filed a motion for a new trial, which was overruled; and in cases Nos. 374 and 395 time was granted in which to prepare and serve case-made, and supersedeas bond fixed. The case-made contains the record in each of the cases, and the defendant in error moves to dismiss the appeal for the reason, first, that in Nos. 374 and 381 Kidd and Jones are not made parties, and asks to dismiss the appeal in case No. 395 for the reason appeal will not lie in such a case to the Supreme Court, but must be taken to the district court.

As to the first proposition, if it was the intention of the plaintiff in error to appeal in cases Nos. 374 and 381, the judgment being a joint judgment, Kidd and Jones are necessary parties,

and the appeal must be dismissed. See *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Saunders v. Mullen,* 31 Okla. 19, 119 Pac. 963; *Trugeon v. Gallamore,* 28 Okla. 73, 117 Pac. 797.

As to case No. 395, section 6501, Rev. Laws 1910, provides:

"An appeal may be taken to the district court from a judgment, decree or order of the county court: * * * .Eighth. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

Case No. 395, being a cause of action to set aside and vacate a final settlement and discharge of an executrix, obtained by fraud, comes within the statute above set out. It is a judgment of the county court in a probate cause, and affects the substantial right of the defendant in error, and the appeal should have been prosecuted to the district court instead of the Supreme Court. See *Carpenter v. Russell,* 13 Okla. 277, 73 Pac. 930; *Barnett, Gdn., et al. v. Blackstone Mining Co.,* 35 Okla. 724, 131 Pac. 541; *In re Theimer,* 40 Okla. 235, 137 Pac. 358.

The appeal is therefore dismissed.

All the Justices concur.