## GRAY v. McKNIGHT.

No. 4426.   Opinion Filed July 20, 1915.

(150 Pac. 1046.)

COURTS—Jurisdiction—Probate Matters.  An action in the county court under sections 4464 and 4466, Statutes 1893 (sections 5267 and 5269, Revised Laws 1910), to vacate an order made in the exercise of the probate jurisdiction of said court distributing an estate, is a case arising under the probate jurisdiction of said court.

(a)   In such case an appeal lies to the district court under section 16, art. 7 (Williams', sec. 201), of the Constitution.

(Syllabus by Thacker, C.)

*Error from County Court, Caddo County;*
*C. Ross Hume, Judge.*

Action by Mary B. Gray (revived in the name of Sarah B. Gray, James E. Boys, and John H. Boys) against L. E. McKnight, F. H. Haskett, Robert L. Boke, and Albert Lamar, to vacate order of distribution of estate in the matter of the estate of John W. Nestell, deceased.  Judgment for defendants, and plaintiff brings error.  Dismissed.

*Blake & Boys,* for plaintiff in error.

*L. E. McKnight, in pro. per.*

Opinion by THACKER, C.   Plaintiff in error appeals from an order of the county court of Caddo county, deny-ing a petition duly verified and filed on August 30, 1911. under sections 4464, 4466-4472, Stat. 1893 (sections 5267, 5269-5275, Rev. Laws 1910), to vacate a decree of distri-bution of an estate made on June 6 and 7, 1910, in the ·exercise of the probate jurisdiction of said court in the case of the matter of the estate of · John W. Nestell, ·deceased.

The defendant in error moves this court to dismiss this appeal· on the alleged ground that this is a case "arising under the probate jurisdiction of the county court," and that the appeal does not lie to this court in the first instance, but to the district court under sections 15 and 16, art. 7 (Williams', sections 200 and 201) of the ·Constitution.   Said sections 15 and 16 of the Constitution read as follows:

"(200)   Sec. 15.   *   *   *   Appeals and proceedings .in error shall be taken from the judgments of county ·courts direct to the' Supreme Court, ·   *   *   *   in all civil ·cases originally brought in the county court.   *   *   *

"(201)   Sec. 16.   *   *   *   Until otherwise provided 'by law, in all cases arising under the probate jurisdiction · of the county court, appeals may be taken from the judg-ments of the county court to the district court of the ·county·   *   *   *   and   *   *   *   the cause shall be tried de novo in the district court upon questions of both law and fact."

Section 1559, Stat. 1890 (section 1483, Stat. 1893; :section 6501, Rev. Laws 1910) reads:

"An appeal may be taken to the district court from a judgment, decree or order of the county court:   *   *   * Seventh.   Refusing, allowing, or directing the distribu-tion or partition of an estate, or any part thereof.   *   *   *

Eighth. From any other judgment, decree or order of the court in a probate cause, or of a judge thereof, affecting a substantial right."

The following cases seem to establish the proposition that the term "civil cases," as used in section 15 of the Constitution, *supra*, do not include any case "arising under the probate jurisdiction of the county court," and that under section 16 of the Constitution, *supra*, an appeal lies to the district court in all cases in which an appeal is allowed by section 1559, Stat. 1890 (section 1483, Stat. 1893; section 6501, Rev. Laws 1910) *supra: Brigman v. Cheney,* 27 Okla. 510, 112 Pac. 993; *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520; *Welch v. Barnett et al.,* 34 Okla. 166, 125 Pac. 472; *Lucas et al. v. Lucas,* 34 Okla. 282, 125 Pac. 481; *Mackey v. Atoka et al.,* 34 Okla. 572, 126 Pac. 767; *Barnett, Guardian, et al. v. Blackstone C. & M. Co.,* 35 Okla. 724, 131 Pac. 541.

In the case of *Smith v. J. I. Case Threshing Machine Co.,* 43 Okla. 346, 142 Pac. 1032, it is said in the opinion:

"Case No. 395, being a cause of action to set aside and vacate a final settlement and discharge of an executrix, obtained by fraud, comes within the statute above set out. It is a judgment of the county court in a probate cause, and affects the substantial right of the defendant in error, and the appeal should have been prosecuted to the district court instead of the Supreme Court."

Following the Smith Case, *supra,* the appeal in this case should be dismissed.

By the Court: It is so ordered.