## SOUTHWESTERN SURETY INS. CO v. KING et al.

(174 Pac. 264.)

No. 9072—Opinion Filed July 30, 1918.

**1. Courts — County Courts—Probate Jurisdiction—Statute.**

An action in the county court, under sections 5267 and 5269, Rev. Laws 1910, to vacate an order made in the exercise of the probate jurisdiction of said court distributing an estate, is an action under the probate jurisdiction of said court.

**2. Courts — District Courts —. Appellate Jurisdiction.**

In such cases an appeal lies to the district court under section 16, art. 7, of the Constitution.

(Syllabus by Hooker, C.)

Error from County Court, Mayes County; T. L. Marteney, Judge.

Action by Lillie P. King and others to the probate side of the county court to set aside a final order approving the report of Jesse King, guardian of Lillie P. King, and discharging the guardian, opposed by the Southwestern Surety Insurance Company. Demurrer to petition overruled, and defendant brings error. Appeal dismissed.

Kent V. Gay, for plaintiff in error.

Jess L. Ballard and E. C. Fitzgerald, for defendants in error.

Opinion by HOOKER, C. On January 20, 1912, the county court of Mayes county, Okla., appointed one Jesse King as guardian of Lillie P. King, and thereupon the said Jesse King qualified by executing bond and taking the oath as provided by law. Thereafter Jesse King made application to said court to sell the allotment of Lillie P. King, and for said purpose the said Jesse King made, executed, and delivered an additional bond in the sum of $2,000 with the Southwestern Surety Insurance Company as his surety thereon.

After the sale of the said property, and a short time before Lillie P. King became of

age, to wit, the 12th day of June 1916. Jesse King, as guardian, made and filed his final report as such guardian and alleged in said report that Lillie P. King had attained the age of majority, to wit, 18 years, and that he had paid over to her all money due her and made a final settlement with her. and asked the court to approve said report and to discharge him as guardian and to release the sureties upon his bond. The accomplish this. the said Jesse King procured the signature of his ward, Lillie P. King, to a final receipt by the terms of which the said Lillie P. King stated and admitted that she had attained the age of majority, and had received the sum of $1,256.81 in full of all demands against him as her guardian, and on the 15th day of August, 1916, the county court aforesaid made an order approving the final report discharging the guardian. and releasing the sureties on his official bond.

Thereafter, on the 12th day of March, 1917, Lillie P. King filed an application in the county court of Mayes county, Okla., stating the aforesaid facts, and alleging that said receipt was obtained by said guardian from her through misrepresentation and fraud, and that she was not of age at the time she executed the same, that she did not receive said money from her guardian, or any part thereof; that she had never made a final settlement with her guardian, and that when she signed said receipt she did not know the contents thereof. but did so at the instance and request of her father and her guardian, Jesse King, who advised her that said receipt was necessary in order for him to obtain a discharge as her guardian, and that at the time she executed the same she did not know that the effect of the same was to release him and his sureties from all liability to her, as the same was not explained to her; that said order of the court approving said report and discharging said guardian and his bondsmen was made without any notice having been given to the United States probate attorney for the district of which Mayes county is a part, and that she did not have knowledge that said report was filed or would be heard. And she further alleged in said petition that said guardian was not entitled to a final discharge until one year after she obtained her majority, which was on September 2, 1916. as shown by the approved final rolls of the Cherokee Tribe of Indians. Wherefore she asked that a hearing be had upon her application to set aside said receipt and final settlement. and have an order of the court. directing her guardian and the sureties

thereon to pay her the amount of money due her from the proceeds of her real estate.

This petition of Lillie P. King was set down for hearing by order of the court on the 27th day of March, 1917, at which time the Southwestern Surety Insurance Company filed a demurrer to the petition of the said Lillie P. King, for the reasons that the allegations, if true, did not state sufficient facts to justify the court to grant the relief prayed for, and for the further reason that the probate court was without jurisdiction to hear and determine the cause. The demurrer was by the court overruled, and the Southwestern Surety Insurance Company appealed from this order to this court, and on the 29th day of October, 1917, Lillie P. King filed in this court a motion to dismiss this appeal for the reason that the Supreme Court of the state of Oklahoma has no jurisdiction thereof.

It is apparent from the record cited above that this action is an application to the county court of Mayes county, on the probate side thereof, to set aside a final order of that court approving a guardian's report and discharging the guardian. Section 15, art. 7, of the Constitution, provides that:

"Appeals and proceedings in error shall be taken from the judgment of the county courts direct to the Supreme Court, in all cases appealed from the justice of the peace, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the district court."

And section 16, art. 7, thereof provides as follows:

"Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county court to the district court of the county in the same manner as is now provided by the laws of the territory of Oklahoma for appeals from the probate court to the district court, and in all cases appealed from the county court to the district court the cause shall be tried de novo in the district court upon questions of both law and fact."

And this court in Welch v. Barnett, 34 Okla. 166. 125 Pac. 472, said:

"The term 'civil causes,' as used in Comp. Laws of 1909, § 3989, which provides that in the trial of such causes in the county court the pleadings and practice shall be the same as that of the district court does

not include matters arising in the exercise of the probate jurisdiction of the county court. There is a distinction between 'civil causes' and cases arising under the probate jurisdiction of the county court under the classification of sections 15 and 16 of article 7 of the Constitution providing for appeals from the county court to the Supreme Court and to the district court."

And in the case of Lucas v. Lucas, 34 Okla. 282, 125 Pac. 481, this court said:

"An appeal from a judgment, decree, or order of the county court in probate cases will not lie direct from such court to the Supreme Court. Under the provisions of section 16, art. 7, and section 2 of the schedule of the Constitution, and appeal lies to the district court in probate matters in those cases in which an appeal was allowed by the statutes of Oklahoma Territory."

And in the case of Gray v. McKnight, 50 Okla. 73, 150 Pac. 1046, this court said:

"An action in the county court under sections 4464 and 4466, Statutes 1893 (se· tions 5267 and 5259, Revised Laws 1910), to vacate an order made in the exercise of probate jurisdiction, the said court distributing an estate, is a case arising under the probate jurisdiction of said court.

"(a) In such case an appeal lies to the district court under section 16, art. 7 (Williams' § 201) of the Constitution."

And in the case of Smith v. J. I. Case Threshing Machine Co., 43 Okla. 346, 142 Pac. 1032, this court said:

"Case No. 395, being a cause of action to set aside and vacate a final settlement and discharge of an executrix, obtained by fraud, comes within the statute above set out. It is a judgment of the county court in a probate cause, and affects the substantial right of the defendant in error, and the appeal should have been prosecuted to the district court instead of the Supreme Court."

Under the view that we entertain, this matter being a probate cause, the appeal should have been taken to the district court, and the motion to dismiss this appeal is hereby sustained.

By the Court: It is so ordered.