## HARTFORD ACCIDENT & INDEMNITY CO. v. GOLDBERG.

No. 23613.   June 30, 1936.

Rehearing Denied Oct. 27, 1936.

Rittenhouse, Webster & Rittenhouse and F. E. Chappell, for plaintiff in error.

Morris & Wilhite, for defendant in error.

OSBORN, V. C. J.   This action was instituted in the district court of Caddo county by Lester O. Goldberg, a minor, by F. W. Fagg, his guardian, against the Hartford Accident & Indemnity Company, a surety on the bond of Lela Goldberg, administratrix of the estate of O. J. Goldberg, deceased, wherein it was sought to recover a certain amount with which said administratrix had been surcharged by an order of the county court of Caddo county. The cause was tried to the court and a judgment rendered in favor of plaintiff, from which defendant has appealed.

On the 5th day of February, 1925, Lela Goldberg procured a divorce from O. J. Goldberg in the district court of Caddo county, Okla., and thereafter on the 3rd day of April, 1925, said O. J. Goldberg died. On April 9, 1925, the divorced wife, Lela Goldberg, filed her petition for appointment as administratrix of the estate of O. J. Goldberg, deceased, alleging that immediately after the granting of said divorce she and said O. J. Goldberg consummated a common-law marriage and she returned to his home and lived with him as his wife until his death. On April 21, 1925, the county court appointed Lela Goldberg administratrix of the estate of O. J. Goldberg, deceased, and plaintiff in error, Hartford Accident & Indemnity Company, signed her bond as surety. On March 4, 1926, the county court of Caddo county made an order approving the final report of Lela Goldberg as administratrix of the estate of O. J. Goldberg, deceased, and made finding of heirship to the effect that Lela Goldberg was the surviving wife of said deceased and that she and Lester Goldberg (son of O. J. Goldberg and Lela Goldberg) were the sole and only surviving heirs of said deceased and that each inherited an undivided one-half interest in the estate of said deceased, and made distribution accordingly. No appeal has ever been taken by anyone from this order.

On the 11th day of December, 1928, Lester Goldberg, by next friend, filed his action against Lela Goldberg in the district court of Caddo county (being cause No. 7553 in that court), alleging that the decree of heirship and distribution above referred to was procured by fraud on the county court in that Lela Goldberg falsely represented to said county court that she was the common-law wife of said O. J. Goldberg, when she was in truth and in fact not his

wife, and praying that said order of distribution be declared void and that he recover from her certain real estate, together with rents and profits thereon from and after distribution.

On the 11th day of February, 1929, upon motion for judgment upon the pleadings and without any evidence being introduced, the district court entered its judgment that the plaintiff, Lester Goldberg, have and recover from Lela Goldberg the lands mentioned in the petition and quieting title thereto as against said defendant. No order or judgment was made vacating the county court decree of heirship and distribution, nor was this decree even mentioned in the judgment.

At the same time with the pendency of this district court cause No. 7553, there had been filed and was pending in the county court a petition on behalf of said minor asking that the decree of heirship and distribution of March 4, 1926, be vacated on the ground that Lela Goldberg had been guilty of fraud upon said court in representing that she was the common-law wife of O. J. Goldberg at the time of his death.

On the 4th of April, 1929, the county court made an order upon this petition and an amended petition which had been filed setting up the district court judgment holding that the judgment of the district court in said cause No. 7553:

"Is res adjudicata and conclusively establishes the fact that the said Lela Goldberg was not the surviving wife of O. J. Goldberg, at the time of his death; that she obtained the orders of this court aforesaid by fraud, and that the plaintiff, Lester Goldberg, as the sole heir of O. J. Goldberg, deceased, inherited and was the owner of the land described in plaintiff's petition and was entitled to the rents and profits thereon."

And, without the introduction of any evidence, the county court further made an order vacating its original decree of heirship and distribution of March 4, 1926. This order of the county court was appealed to the district court by Lela Goldberg and was affirmed by that court on the same ground, and has become final.

On the 29th day of October, 1930, the county court made an order in the original probate case surcharging the alleged widow, Lela Goldberg, with all that part of the estate which had been turned over to her as heir. All of these proceedings to vacate the decree of heirship and distribution and settlement of the accounts of the administratrix were without notice to the surety bonding company.

This action was thereupon brought by the guardian of Lester Goldberg against the Hartford Accident & Indemnity Company as surety on the bond of the administratrix to hold it for the amount with which the administratrix had been surcharged by the order of October 29, 1920. Judgment was rendered as prayed against the surety company upon the theory of res adjudicata, and it has appealed to this court.

During the pendency of this action, the minor, Lester Goldberg, reached his majority and had disappeared, and not even his guardian had seen him for a long time before he became of age, nor had he taken any steps after attaining his majority which might be taken as an election to proceed with the action in his own right. Contention is made by plaintiff in error that in this state of case the action abated until the ward came into court and made some affirmative election to proceed with the same.

It is contended by plaintiff in error that in an action commenced by next friend and continued by guardian during minority: "Under such circumstances it was the duty of the trial court to stay further proceedings a reasonable time for the plaintiff to come into court and make his election," if he should further desire to proceed with the action. Herein, the substitution of the adult plaintiff in lieu of the next friend and guardian was made and the trial court proceeded without objection except by demurrer to the evidence on the merits of the action. The same guardian and the same attorneys continued to participate in the case, and at least the presumption would be in favor of and not against the authority of said attorneys to represent said plaintiff in the absence of a disaffirmance on the part of the plaintiff, and in such situation the court would be warranted in presuming an election to proceed. Webb v. Harris, 32 Okla. 491, 121 P. 1082; Johnson v. Alexander, 66 Okla. 128, 167 P. 989; Phelan v. Stockyards Bank, 168 Okla. 232, 32 P. (2d) 270. This is not to say, however, that upon proper challenge of the right of the attorneys to proceed, the court could not make determination in accordance with the facts disclosed. The trial court did not err in overruling the demurrer predicated upon this ground alone.

The trial court held that the order of the county court of April 4, 1929, vacating the original decree of distribution of March 4, 1926, and the order of October 29, 1930,

surcharging the administratrix with all of that part of the estate which had been turned over to her as an heir was binding upon defendant although defendant had no notice of said proceedings. It was held by the trial court that no notice to said defendant was necessary because it was in privity with the administratrix by reason of its contract of suretyship. As a defense to this action defendant pleads and relies upon the original decree of distribution as fixing and determining its liability and contends that it is not bound by subsequent orders of the county court, since it was not a party to any of said proceedings, had no notice thereof, and no opportunity to present any defense to the claims of fraud made and asserted therein.

The exact question presented is whether or not an order of the county court vacating its former final decree of distribution is valid and effective against defendant herein who had no notice thereof and was not made a party to the proceeding.

A decree of distribution, made by the county court in probate, having jurisdiction of the settlement of an estate on a hearing pursuant to statutory notice distributing to the heirs at law their respective shares of the estate of the deceased is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such a decree is not subject to collateral attack. Teague v. Smith, 85 Okla. 12, 204 P. 439; Goff v. Goff, 124 Okla. 63, 253 P. 1014; Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 P. 966; National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236; Okfuskey v. Corbin, 170 Okla. 449, 40 P. (2d) 1064. The right of the county court to vacate said decree for extraneous fraud, or other reasons, has been recognized by this court upon compliance with sections 556-564, O. S. 1931. Smith v. J. I. Case Threshing Mach. Co., 43 Okla. 346, 142 P. 1032; Gray v. McKnight, 50 Okla. 73, 150 P. 1046; Southwestern Surety Ins. Co. v. King, 70 Okla. 290, 174 P. 264; Caulk v. Lowe, 74 Okla. 191, 178 P. 101; Forgy v. Lamphear, 144 Okla. 245, 291 P. 83; Wheeler v. Bigheart, 172 Okla. 262, 43 P. (2d) 1028. It is not necessary herein to enter upon a discussion of the extreme limits of the power and jurisdiction of the county courts to vacate their own judgments in proceedings of that character, for the reason that therein we are not concerned with the validity of such an order of vacation as between persons who were movants and defendants in that proceeding. Our question is

much narrower—Is such order of vacation final and conclusive upon the surety of an administrator in the absence of notice to the surety of such proceedings although the administrator appears and defends?

Plaintiff relies upon the rule heretofore approved by this court that sureties upon an administrator's bond are, in the absence of fraud, concluded by the decree of the county court, duly rendered upon a final settlement and accounting by their principal, as to the amount of the principal's liability, although the sureties on the bond are not parties to the accounting. See Greer v. McNeal, 11 Okla. 526, 69 P. 893; Boudinot v. Locust, 55 Okla. 662, 151 P. 579; Southern Surety Co. v. Burney, 34 Okla. 552, 126 P. 748, 43 L. R. A. (N. S.) 308; Shipman v. Brown, 36 Okla. 623; Exendine v. Iron, 153 Okla. 177, 4 P. (2d) 1035; annotation 93 A. L. R. 1366. This rule is recognized upon the theory of privity of the parties by reason of the contract of suretyship. If this rule continues in all its force after the decree of distribution and the action of the parties thereunder, it is obvious that the order of the county court vacating said decree of distribution and ordering an accounting is binding and conclusive upon the defendant.

In the case of Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173, there was involved an application to vacate an order confirming an oil and gas lease after execution and delivery thereof. We quote syllabus 2 as follows:

"The defendant in error, while a minor, through his guardian petitioned the county court of Okmulgee county for an order permitting him to lease certain lands to plaintiff in error for the purpose of producing oil. The order was granted and the lease executed for a term of five years, and so long as oil and gas were found in paying quantities. Said lease was approved by the county court and by the Secretary of the Interior. After the ward became of age and before the expiration of said lease, he filed in his own name his petition in the county court, praying for the modification and in effect the cancellation of said lease, upon the ground that it was obtained by misrepresentation. The county court granted the relief prayed. Held, that this was not a probate proceeding, and the county court was without jurisdiction to entertain said proceedings to modify and cancel said lease and render the judgment complained of."

In the case of Jackson v. Porter, 87 Okla. 112, 209 P. 430, the distinction between proceedings in probate and proceedings insti-

tuted under the Code provisions relating to the vacation of judgments by courts of record was recognized. Therein was involved an application filed by a minor under guardianship, who had become adult, to vacate an order of confirmation and deed executed pursuant thereto upon various grounds, including extraneous fraud. In holding that the county court was without jurisdiction to grant relief, this court said:

"The fundamental error in the contention of the appellant in this cause is the failure to observe the distinction between a civil action and a probate proceeding. * * * There is no controversy in this jurisdiction as to the county courts of this state being courts of limited civil jurisdiction under the Constitution, and, when an action is commenced in a county court of this state which, according to the pleading filed and the relief sought by the pleading, is, under section 4644, Revised Laws of 1910, supra, an ordinary civil action, the jurisdiction of the county court to determine the action must be determined under section 12, art. 7, of the Constitution of this state."

In the latter case, the court did not allude to the cases of Smith v. J. I. Case Threshing Machine Co., supra, Gray v. McKnight, supra, and Southwestern Surety Ins. Co. v. King, supra, some of the language used in which might be interpreted to be in conflict with the latter opinion. In those three cases, however, the court was concerned with the question of appellate jurisdiction by this court or by the district court under the provisions of section 16, art. 7, of the Constitution. While a proceeding to vacate a decree of distribution, or other final order, may not be, strictly speaking, a proceeding in probate, it may be a proceeding "arising under the probate jurisdiction of the county court" as contemplated by the above section of the Constitution. We are not called upon to pass upon that question in this proceeding, but are noting the possible distinction. In the other three cases, Caulk v. Lowe, Forgy v. Lamphear, and Wheeler v. Bigheart, supra, the question herein involved was not therein presented.

In the case of Twin State Oil Co. v. Johnson, 72 Okla. 174, 179 P. 605, in the 3rd syllabus, this court said:

"County courts of this state have no jurisdiction where an oil and gas lease has been approved, and a bonus of $1,600 therefor has been paid to the guardian, to order the guardian to repay said sum to the lessee upon the ground that the guardian secured the approval of said lease by fraudulent misrepresentations as to a breach of the conditions of a former lease upon the premises by the lessee therein."

In 2 Church on Probate Law and Practice (2d Ed.) page 1858, it is said:

"When a decree of distribution is made, the probate court has no longer jurisdiction of the property distributed, unless to compel delivery, and the distributee thenceforth has a right of action to recover his estate, or, in proper cases, its value. (Citing cases.) And as the court, after issuing a decree of distribution of an entire estate, loses jurisdiction of the property distributed, it cannot afterwards make a different disposition of a portion of the property distributed. (Citing cases.) The probate court loses jurisdiction of the property distributed after decree rendered for all purposes whatever except that of enforcing the order."

It is well settled in this jurisdiction that county courts have full authority in guardianship matters at any time prior to the majority of a minor, in any proceeding in said court, upon proper notice and for sufficient legal grounds, to modify or vacate an order or judgment in said probate proceeding. Twin State Oil Co. v. Johnson, supra; Jackson v. Porter, supra; Daniels v. Barnett, 122 Okla. 202, 253 P. 300. Until a minor becomes of age. all judgments and orders sleep in the bosom of the court. Hickory v. Campbell, 75 Okla. 79, 182 P. 233. Section 1348, O. S. 1931, relating to the account of administrators, provides:

"The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability their right to move for cause to reopen and examine the account, or to proceed against the executor or administrator, either individually or upon his bond, at any time before final distribution."

Attention is called to the fact that the right of any person under disability to move in the county court to reopen for cause carries with it on the face of the statute that this be done "at any time before final distribution."

In this connection, it is further provided by section 1359 of 1931 Oklahoma Statutes, as follows:

"In the order or decree, the court must name the persons and proportions or parts to which each shall be entitled; and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any persons having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside or modified on appeal."

Attention is called to the fact that this statute on its face provides that the decree of heirship and distribution is "subject only to be reversed, set aside or modified on appeal."

Applying the above authorities and statutes to the facts in the case at bar, a solution to the determinative question in this case should result. On March 4, 1926, the final report of the administratrix was approved and a determination of heirship and a decree of distribution of the estate was entered. This decree had all the binding force and effect of a final judgment and concluded the rights of the parties interested in the estate, since no appeal was taken therefrom. Thereby, the court disrobed itself of probate jurisdiction, except in so far as further proceedings might be necessary or proper to enforce its final order. Distribution was made herein by the administratrix pursuant to said order, and said administratrix and her bondsman were discharged. Up to that point, during the pendency of probate proceedings, the administratrix and her surety were in privity by virtue of the contract of suretyship, and the surety was bound to take notice of any orders or judgments of the court made upon the administratrix or upon notice to her. But with the entering of said final decree of distribution, and the carrying out thereof pursuant thereto, the probate jurisdiction of the court ended until such time as said probate jurisdiction might be reinvested by appropriate proceedings to vacate the final order and decree of said court. Subsequently, and acting under authority contained in the "Code of Civil Procedure" (secs. 556-563, O. S. 1931), made applicable to the county court "so far as the same may be applicable to the judgments or final orders of such court" (sec. 564, O. S. 1931), one of the distributees under the final order of the county court, the plaintiff herein, sought to reinvest the county court with further probate jurisdiction by seeking to vacate the decree of distribution, but without notice to the surety of the administratrix whose representation of the surety by privity of contract expired with the termination of the probate proceedings. The surety was afforded no opportunity to defend against said application to vacate.

We therefore hold that, since defendant had no notice of the pendency of the application to vacate the final decree of distribution, said order of vacation is ineffective as against defendant, and that the subsequent proceedings had in the county court,

directing the administratrix to make an accounting and surcharging said administratrix, and the order of the court fixing liability against the administratrix, are not effective and binding on the surety, and that the order approving the final account of the administratrix and decreeing distribution entered on March 4, 1926, was res adjudicata, in the absence of fraud, of the liability of the surety and will bar any recovery until such decree is vacated in an appropriate proceeding.

It is urged that the judgment of the district court quieting title to the land in plaintiff therein, who is plaintiff herein, had the effect of vacating the decree of distribution. Not only did said judgment not specifically order and decree the vacation of said decree of distribution. but likewise the surety, defendant herein, was not a party to that proceeding.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.