BROWNRIGG v. LYONS.

No. 34169.    Sept. 18, 1951.

Rehearing Denied Oct. 16, 1951.

*236 P. 2d 482.*

A. E. Pearson, Oklahoma City, for plaintiff in error.

W. F. Wilson, Jr., Oklahoma City, for defendant in error.

WELCH, J.    Hunter Brownrigg commenced this action to quiet title to a portion of land located in a certain vacated city alley.    Plaintiff asserted ownership derived from the will of his grandfather, S. D. Lyons, deceased, that the property was willed to Bessie Lyons Edwards, his mother, by S. D. Lyons, and that he came into ownership as the sole heir of Bessie Lyons Edwards, deceased.    The city and others were made parties defendant.    Mary J. Lyons, the wife of S. D. Lyons at the time of his death, and one of the defendants herein, asserted ownership of the certain strip of land under a county court decree of distribution confirming the land to the defendant under the will of S. D. Lyons, deceased. The defendant, in cross-petition, prayed judgment against the plaintiff quieting her title to the land against claims of the plaintiff and against her codefendants.

The land in controversy once dedicated as a city alley was thereafter vacated as an alley by city ordinance. At such time, or shortly thereafter, all the adjoining lots became the property of S. D. Lyons.    S. D. Lyons continued in such ownership for more than five years thereafter and until his death. He left a will containing a bequest of all his real estate to the defendant except for certain separate specific bequests to each of his children including Bessie Lyons, who subsequently died, leaving as her sole and only heir, the plaintiff. The bequest to Bessie Lyons included "lands and premises known as: 414 North Central Avenue, 307 Northeast 3rd Street, 311 Northeast Third Street, all in Oklahoma City, Oklahoma." Proceedings for the probate of the will were carried through and decree of distribution, upon proper notice, was entered confirming lands under the will to Bessie Lyons, sometimes known as Bessie Lyons Edwards, as follows:

"Lot 8, Block 3, Military Addition to Oklahoma City, Oklahoma, being 414 N. Central Street; Lots 12 and 13, Military Addition to Oklahoma City, Oklahoma, being 307 N. E. 3rd Street; Lots 14 and 15, Block 3, Military Addition to Oklahoma City, Oklahoma, being 311 N. E. 3d Street."

and also confirming lands under the will to Mary J. Lyons, the defendant herein, as follows:

"The vacated alley between Lot 8 and Lots 9 and 10, Block 3, Military Addition to Oklahoma City, Oklahoma,

being a tract of land 20′ x 180′; Lots 9, 10 and 11, Block 3, Military Addition to Oklahoma City, Oklahoma, being 301, 303 and 305 N. E. 3rd street; 408 and 410 N. Central Street."

All the numbered lots mentioned above adjoin the land in controversy, the vacated alley.

The trial court found for the defendant and that the plaintiff was not entitled to recover any part of the strip of land involved in the action, and entered judgment for the defendant and cross-petitioner quieting her title to the tract, subject to an easement of the said city for the purpose of the maintenance of its utilities located thereon.

The plaintiff prosecutes this appeal.

Assignments of error are presented under assertions that the will of S. D. Lyons, deceased, and the decree of the county court, carried title to a portion of the alley to plaintiff's mother, and thence to plaintiff; that said decree is void as an attempted distribution of all the vacated alley to the defendant in that such provision is in conflict with that part of the decree distributing the certain lots to plaintiff's mother, which said lots adjoin the alley; that the county court was without jurisdiction and power to enter judgment distributing the vacated alley in separate parcel from the adjoining lots in the absence of separate specific bequest of the vacated alley as a separate property.

In argument reference is made to 11 O. S. 1941 §659, which provides that when an alley is vacated that the "same shall revert to the owners of real estate thereto adjacent, on each side, in proportion to the frontage of said real estate . . . ."

There is no inhibition in law that would prevent an owner of real estate which adjoins an alley from separately conveying such real estate and his reverted interest in the alley that has been vacated. It follows that the county court is with power to distribute in separate parcels to separate persons a vacated alley and adjoining lots when such property is the subject of separate bequests in a will. In such circumstances there is no conflict in the parts of a decree of distribution which provide for the distribution of a parcel of real estate described by lot numbers and the distribution of a parcel of real estate described as a vacated alley lying between the said numbered lots.

It was shown that S. D. Lyons owned all the lots adjoining the alley that had been vacated, and that all his real estate was the subject of bequests in his will. It is noted that, in the will, bequest is made to Bessie Lyons of lands and premises designated by its street numbers, and that all the real estate of S. D. Lyons was bequeathed to Mary J. Lyons, the defendant herein, except for certain separate bequests to the said Bessie Lyons, and certain others, each by parcels designated by street numbers.

It is apparent that in the hearing in the county court, before distribution under the will, evidence extrinsic of the will was essential to a finding and determination of what lands and curtilages were included in the devise of the parcels of real estate designated by street numbers. The determination of that question by the county court and that the certain parcels of real estate designated in the will by street numbers were the same as certain numbered platted lots and constituted the extent of the estate devised to Bessie Lyons, of whom plaintiff is successor, rests in the decree of distribution. And, likewise, a determination that the vacated alley bounded in part by said lots was a subject of separate bequest and was in its entirety devised to Mary J. Lyons, the defendant herein, as a part of the real estate and separate from the lots devised to Bessie Lyons, inheres in the terms of the decree of distribution made by the county court.

In Hartford Accident & Indemnity Co. v. Golberg, 178 Okla. 75, 61 P. 2d 704, in the second paragraph of the syllabus the following well settled rule is stated:

"A decree of distribution made by the county court in a probate proceeding having jurisdiction of the settlement of the estate is conclusive as to the rights of the parties interested in the estate unless reversed or modified on appeal, and such decree is not subject to collateral attack."

The plaintiff herein, asserting title to the land in controversy, and as successor of Bessie Lyons, is in this proceeding bound by the above rule. The judgment herein, quieting title to the land in the defendant, is in accord with the county court decree of distribution, as was introduced in evidence, and is in accord with the clear weight of the evidence.

The judgment is affirmed.

CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.