### KERZEE v. AULTMAN et al. (No. 478.)

(Court of Civil Appeals of Texas. Waco. Feb. 3, 1927.)

**1. Attorney and client ⟂148(3)—Contract to pay attorneys third of net recovery held to entitle them only to third of remainder after deducting legitimate expenses.**

Contract, providing that attorneys should receive one-third of client's *net* recovery for their services *held* to entitle them only to one-third of amount remaining after deduction of all legitimate expenses incurred by them.

**2. Attorney and client ⟂81—Attorney may incur any legitimate expenses for prosecution of suit.**

An attorney has the right to incur any and all legitimate expenses for prosecution of lawsuit, and his client is responsible therefor.

**3. Costs ⟂32(1)—Generally, plaintiff recovering also recovers costs.**

Generally, where plaintiff recovers in a lawsuit, he also recovers his costs.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by D. A. Kerzee against L. B. Aultman and another. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

N. T. Stubbs, of Mexia, for appellant.

L. W. Shepperd and J. E. Bradley, both of Groesbeck, for appellees.

BARCUS, J. This suit was instituted by appellant, seeking to recover from appellees $840.15, which, he alleged, they, as his attorneys, had collected and refused to deliver to him. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being rendered for appellees.

It appears from the record that appellant owned a tract of land in Limestone county, which had been leased for and was being developed as oil territory by several oil companies and individuals, and that two producing wells had been discovered on said land. Appellant did not think the oil companies and individuals were developing said land as rapidly as they were obligated to do, and he employed appellees, who were attorneys, to bring suit against the various oil companies and individuals for damages because of their failure to develop said land for oil. The contract of employment between appellees and appellant was reduced to writing and provides, in substance, that the attorneys are given full power and authority to bring all suits necessary and to make any adjustments and settlements that they, in their wisdom, think wise, and for their services they were to receive one-third of the net recovery and a one-third interest was by the contract transferred to said attorneys. It further appears from the record that two other clients of appellees employed them as attorneys to bring similar suits with respect to lands owned by them. Before the causes were tried, a settlement was effected by the attorneys, acting for their clients, under the terms of which they settled the three suits for a total consideration of $15,000, $5,000 to be paid to appellant, $3,000 to the Henry heirs, and $7,000 to Mr. Kennedy, and plaintiffs in said suits were to pay all costs. It was shown, without dispute, that when the question of making a division of the $15,000, for which the three suits were settled, was being discussed between appellees, as attorneys for their three clients, and the oil companies which were making the payment, they subtracted $1,000 from the amount that was to be paid to Mr. Kennedy and added it to the amount they were to pay to appellant, on account of the amount of costs of litigation which had been incurred in appellant's case. The record further shows, without dispute, that appellees, as attorneys, in preparing appellant's cause for trial incurred costs, including the actual court costs, in the total sum of $840.15. Appellees, after they collected the $5,000 in settlement of appellant's suit, deducted one-third thereof, to wit, $1,633.33, as their fee, and also deducted the total amount of costs which they had incurred, including the actual court costs paid, of $840.15, and paid to appellant the remainder thereof, $2,493.17. It is for the $840.15 which appellees retained as costs that this suit was instituted.

Appellees, by their pleading, alleged that it was the understanding and agreement between them and appellant that appellant was to pay the entire costs of the litigation out of his two-thirds interest, and that they were to receive one-third of the amount collected from the oil companies. Appellant, in reply thereto, alleged that the appellees agreed to and were to bear all the expenses. Appellant further alleged that the contract, a copy of which was attached to the answer of appellees, was not the contract as made, in that the word "net" had been written in the contract after he signed it. He further specifically denied that the items which had been paid by appellees in the prosecution of the litigation were necessary or legitimate charges.

The jury, in response to special issues, found that the contract attached to appel-

lees' answer was the one that had been actually signed by the parties. It further found that all the items of expense which had been incurred by the attorneys were proper, legitimate, and necessary. The jury further found that appellant was to pay all the costs, and, by a separate finding, found that appellees were to pay all the costs. If, under the terms of the contract, there is any ambiguity or uncertainty with reference to the terms and provisions as to who would bear the expenses incident to the litigation, then, in view of the jury's findings that appellant was to pay the costs and that appellees were to pay the costs, the cause must necessarily be reversed because of the conflict therein. If, however, the contract is unambiguous, then it becomes the duty of the court to construe same in the light of the findings of the jury that the contract offered in evidence is the true contract, and that each of the items of expense incurred by the attorneys was proper and legitimate. As before stated, the important features of the contract, as signed, provide that appellees, as attorneys for appellant, would receive one-third of the net recovery. The record shows that the litigation was settled and compromised by the attorneys for a lump sum of $5,000 and the suit was dismissed at plaintiff's cost. The actual court costs were about $110. The remaining $730, which had been incurred by the attorneys, was for services of geologists and expenses of taking witnesses to the federal court and getting certified copies of various papers.

[1-3] As we construe the contract, we think the only equitable construction that can be placed thereon is that, after all the legitimate expenses incurred by the attorneys have been settled, the remainder of the amount collected by appellees would be the net amount which appellant recovered. If appellees had been employed at a stated sum, to be paid in cash, the attorneys would not have been required to pay the amount which they had expended legitimately for expenses incident to the preparation of the lawsuit. The rule seems to be well established that an attorney has the right to incur any and all legitimate expenses for the prosecution of a lawsuit and that his client is responsible therefor. 6 C. J. pp. 657 and 734. The contract gave to appellees one-third of the net amount recovered by them for appellant. We do not think it would be a fair construction to put on the contract to say that appellees were to receive one-third of the total amount they recovered, when a portion thereof was used by them to pay the necessary expenses of the litigation. The amount appellees expended for the necessary costs never belonged to appellant, in the strict sense of the word. The general rule is that, where a plaintiff recovers in a lawsuit, he also recovers his costs. We do not think

that it can be said that the costs are a part of the recovery, as applied to the net amount recovered by the plaintiff. If appellees had recovered a judgment for $4,000 and $1,000 court costs, we do not think, under the terms of the contract, they would have been entitled to retain as part of their fee one-third of the $1,000 costs, but their fee would have been limited to one-third of the $4,000. As we view the contract, the amount to be divided between appellees and appellant was the amount left after the payment of all legitimate expenses and costs that had been incurred in the litigation.

This being our view and interpretation of the contract, the items of cost totaling $840.-15 should have been subtracted from the $5,000 and the remainder, $4,159.85, should have been divided between appellees and appellant, one-third to appellees and two-thirds to appellant. Under this division, appellees would have been entitled to $1,386.62, and appellant to $2,773.23. It being admitted that appellees have paid to appellant $2,493.-17, they are indebted to him in the further sum of $280.06

The judgment of the trial court is set aside and judgment is here rendered for appellant for the sum of $280.06, with 6 per cent. interest thereon from November 12, 1925, the date same was paid to appellees. Appellees to pay all costs of the trial and appellate courts.