**WHITEHEAD et al. v. R. E. HOLMES' SONS et al.**

No. 17119.  Opinion Filed April 24, 1928.

(Syllabus.)

**Appeal and Error—Record—Motion to Quash Summons and Service and Rulings Thereon not Part of Record Proper and not Reviewable on Appeal by Transcript.**

It is settled law in this state that a motion to quash the summons and service thereof and the ruling of the trial court thereon are not a part of the record proper in a cause, and cannot be considered by the Supreme Court where the overruling of such motion is assigned as error and sought to be presented on appeal by a transcript of the record.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action of foreclosure of a real estate mortgage by R. E. Holmes' Sons against J. E. Whitehead et al. Judgment for plaintiff,

and defendants J. E. Whitehead, Julia Whitehead, the Pacific Royalty Company, and M. S. Grant & Company appeal. Dismissed.

J. E. Whitehead, for plaintiffs in error.

McQueen & Kidd, for defendants in error.

TEEHEE, C. Plaintiffs in error, J. E. Whitehead, Julia Whitehead, the Pacific Royalty Company, and M. S. Grant & Company, who were defendants below and are hereinafter so designated, by this appeal complain of the judgment recovered against them by R. E. Holmes' Sons, as plaintiff below, in an action of foreclosure of a real estate mortgage. The judgment was for certain interest indebtedness of the defendants J. E. Whitehead and Julia Whitehead as mortgagors due plaintiff, and attorney's fees and costs incurred by plaintiff in the action, decreed a sale of the property covered by plaintiff's mortgage, adjudged plaintiff's lien to be superior to certain claims of the defendants the Pacific Royalty Company and M. S. Grant & Company, and two others not parties on appeal, and included a deficiency judgment as against the defendants J. E. Whitehead and Julia Whitehead.

The appeal is predicated on grounds that go to the jurisdiction of the court over the persons of the defendants, which arise upon certain alleged fatal defects of plaintiff's affidavit, whereon was based the issuance and service of summons on the defendants by publication under section 250, C. O. S. 1921, they being nonresidents of the state, and the action being of that class wherein service of summons by publication is by the statute authorized. The question was raised in the trial court by special appearance of the defendants under a motion to quash the summons and service thereof, which motion by the court was overruled, and time allowed for further plea by defendants, to which order of the court they excepted. Protesting the jurisdiction of the court by reference to their motion to quash, though not made a part thereof, defendants answered in effect by general denial, and upon trial, presented their defense. The action of the trial court in overruling the motion to quash constitutes the head and front of the appeal, as defendants in their brief admit that their eight assignments of error sound therein with disposal of the several matters urged thereunder altogether dependent upon our review of the motion and the overruling thereof, and that the same are sought to be here presented by a transcript of the record.

Plaintiff's response by brief is in effect a motion to dismiss the appeal on the ground

that the motion to quash and ruling thereon, not being a part of the record proper, cannot be presented on appeal except by a bill of exceptions or a case-made. The point thus made by plaintiff must be sustained, as it is settled law in this state that a motion to quash the summons, and the service thereof, and the ruling of the trial court thereon, are not a part of the record proper in a cause, and that the same cannot be considered by the Supreme Court where the overruling of such motion is assigned as error and sought to be presented on appeal by a transcript of the record. Laird v. Brannon, 31 Okla. 627, 122 Pac. 180; School Dist. No. 1, Pontotoc County, v. Vinsant, 27 Okla. 731, 113 Pac. 714; United Fig & Date Co. v. Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211.

Accordingly, the appeal is dismissed.

BENNETT, LEACH, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 121, §1730.