## SEBRING, Gdn., v. BIGHEART.

No. 19042.  Opinion Filed March 18, 1930.

Sands & Campbell and Hamilton, Gross & Howard, for plaintiff in error.

Wilson & Duncan, for defendant in error.

REID, C. The record in this case shows that the county court of Osage county, acting upon a verified and sufficient petition, on May 31, 1924, adjudged Cecelia Bigheart an incompetent and appointed a guardian for her. The guardian so appointed immediately qualified, and he and other guardians in succession continued to act as such, apparently without question as to the validity of the proceedings, until March 15, 1927, when the ward by attorneys filed in the court a motion to set aside and vacate the order of May 24, 1924, and subsequent orders and proceedings in the matter. It was alleged that the court was originally without jurisdiction to declare the movant, Cecelia Bigheart, an incompetent and appoint a guardian for her, for the reason that she was not served with a citation, as required by law, prior to the making of the order.

The county court sustained the motion, and on appeal to the district court, the same result was had. The guardian then brought the matter here for review.

The sole question here presented is the one raised by the motion; that is, whether the notice served on the movant, prior to the court's declaring her an incompetent, was sufficient. A copy of the paper, whatever it may be called, served on Cecelia Bigheart, together with the affidavit showing the manner of service, is as follows:

"Notice of Application for Appointment of Guardian.

"State of Oklahoma, Osage County.

"In County Court.

"The State of Oklahoma, to Cecelia Bigheart:

"You are hereby notified that E. R. Gourd has filed in this court an application for the appointment of E. A. Threadgill, as guardian of the person and estate of Cecelia Bigheart, incompetent, and that said application will be heard in the court room of said court in the city of Pawhuska, in said county of Osage, on the 31 day of May, 1924, at 9:00 o'clock, a. m., at which time you may appear and show cause, if any you have, why said application should not be granted.

"Witness my hand and the seal of said court, at Pawhuska, Okla., in said county, this 24 day of May, 1924.

"Thos. Leahy, Court Clerk.

"By D. S. Landrum, Deputy Court Clerk.
"(Seal)"

"State of Oklahoma, Osage County, ss:

"I, the undersigned, do solemnly swear that on the 24 day of May, 1924, I posted true copies of the within notice in three public places in Osage county, as follows: One at the courthouse in the city of Pawhuska, one at City Hall, and one at Old Agency Bldg., and served Agency and Cecelia Bigheart.

"Clay McGraw.

"Subscribed and sworn to before me this 27 day of May, 1924.
"D. S. Landrum,
"Fee $2.05.          "Deputy Court Clerk."

The trial court in this proceeding held that the foregoing notice and service thereof was not sufficient under section 1449, C. O. S. 1921, when considered in connection with the following sections of our Code, reading thus:

"Section 1401. Citations must be directed to the person to be cited, signed by the judge, and issued under the seal of the court, and must contain:

"First. The chapter (caption) of the proceeding.

"Second. A brief statement of the nature of the proceeding.

"Third. A direction that the person cited appear at a time and place specified."

"Section 1402. The citation must be served in the same manner as a summons in a civil action."

"Section 1403. When a personal notice is required, and no mode giving it is prescribed in this chapter, it must be given by citation."

Section 1449, supra, provides, in substance, that on the filing of a petition for the appointment of a guardian of any alleged incompetent, the judge must cause notice to be given to the supposed incompetent person of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing.

Section 878, C. O. S. 1921, provides as follows:

"The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by the statutes of this state, and by the common law. In the performance of his duties, he shall be under the direction of his court."

And, by section 5955, C. O. S. 1921, the court clerk is required, among other duties, to act as clerk of the county court, and that authorizes and requires such officer to act as clerk of the court in probate matters. The court clerk issued the notice in question, and it was served by a deputy sheriff of Osage

county. From these facts the presumption fairly arises that the judge **caused** the notice to be given the alleged incompetent within the spirit and meaning of the statute. The order of the court made on the hearing recites that notice thereof was proven to have been posted in three public places in that county, naming the places, and that a copy was served on the Superintendent of Osage Agency; and had also "been personally served on Cecelia Bigheart more than five days before the date set for the hearing of the petition herein, and said Cecelia Bigheart being present in open court in pursuance of said notice," and the court by further order adjudged her an incompetent and appointed E. A. Threadgill her guardian and directed the issuance of letters upon approval of his bond.

We are mindful of the opinions of this court in, the cases of: Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687; Tiger v. McCallom, 89 Okla. 249, 214 Pac. 194; Wright v. Riber, 112 Okla. 43, 239 Pac. 603. But in each of those cases, the decision turned upon the fact that no notice at all was given the alleged incompetent, or that there was not five days from the service of notice until the hearing was had. The **kind** of notice was not in question in any of the cases, and none of the decisions is in point on the question here presented.

In the case of Daniels v. Barnett, County Judge, 122 Okla. 202, 253 Pac. 300, notice was served on the alleged incompetent, on March 8th, that the hearing would be had on March 12th, and when she did not appear at the hearing on March 12th, the hearing was continued to March 24th. An **attachment** was served on her March 15th, and when the case was called for hearing on the 24th, she appeared in person and by attorney, and the hearing was concluded on March 25th, and she was declared an incompetent and a guardian appointed. It is clear, that under these circumstances, the party did not appear in response to an ordinary notice, or to a statutory citation, but was brought into the court by attachment process. The court in the opinion discussed the cases of Wright v. Riber and Martin v. O'Reilly, supra, distinguishing them from the facts there existing, and further said:

"We conclude, therefore, that, although five days did not intervene between the time the notice was first served on the alleged incompetent and the date set for hearing, yet, when the cause was continued to the 24th, and she was brought into court by attachment on the 15th, and then appeared on the 24th, in person and by attorney, and pleaded to the petition, every right, which the notice is designel to safeguard, was amply protected, and the court vested with jurisdiction. This is especially true in view of the fact that the alleged incompetent appealed from the decision of the county court to the district court on both questions of law and fact, and six days before the hearing de novo in the district court, notice was again served on her, and upon hearing the district court found the same facts as found by the county court and rendered its judgment accordingly."

It seems from the foregoing that the court took the broad ground that "every right which the notice is designed to safeguard was amply protected and the court vested with jurisdiction to make the appointment," by reason of the service of the attachment on her five days prior to the hearing and her presence in court at the hearing. It is true that the court further called attention to what occurred in the district court in regard to notice, but it had already said that the facts we have stated gave the county court jurisdiction to make the order. The holding in that case is sufficient to indicate that this court will not be held to a restricted rule of interpretation in applying the statutes there and here considered, but will look rather to their purpose; and when that end has been accomplished, the notice will be held sufficient.

In this case, the attacked notice, or citation, was addressed to Cecelia Bigheart, and contained every element sufficient to inform her, and those around her, if necessary, that a petition had been filed in the county court of Osage county, Okla., to have a guardian appointed for her as an incompetent. The time and place of the hearing of the petition was definitely stated, and she was informed that she might at that time appear and show cause why the application should not be granted. It was signed by the clerk of the court in which the application was filed, and it was served on her in person by the sheriff, in legal effect, five days before the hearing, and she was personally present in court in response to the notice when the hearing was had on the day appointed. This was sufficient to give the court jurisdiction to declare her an incompetent and appoint the guardian.

The judgment of the district court is reversed and remanded, with directions to enter an order reversing the judgment of the county court, and further directing that court to dismiss the motion and proceeding of the movant.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.