**FORGY, Ex'x, v. LAMPHEAR.**

No. 19373. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 2.

Sullivan & Rice, for plaintiff in error.

H. B. Lockett, for defendant in error.

HALL, C. The defendant in error, Evelyn Lamphear, commenced this action against Eathyel B. Forgy (formerly Dawson), as executrix of the estate of John H. Dawson, deceased, to reopen the administration proceedings in the case of said decedent, and allow petitioner. Evelyn Lamphear, to participate as a beneficiary under the will, and as heir at law in the distribution of the estate. Fraud was alleged as the ground for relief.

The essential facts in the case are as follows: In the year 1906, John H. Dawson married the mother of Evelyn Lamphear, the petitioner and defendant in error. On May 25, 1907, the petitioner, Evelyn Lamphear, then Evelyn Dawson, was born. Soon after she was born her parents separated,

and she, the child, remained in the custody of her mother. The father, John H. Dawson whose estate is the subject-matter of this controversy, had no settled home or abode. Later he married the plaintiff in error herein, now Eathyel B. Forgy. Of this marriage there were born three children.

The defendant in error rarely if ever saw her father after his separation from her mother. Dawson seems to have been a peculiar and highly restless man. He had his life insured in the sum of nearly $100,000. $60,000 of this amount was payable to his wife, the plaintiff in error in this action. He killed himself, accidentally or otherwise, and the beneficiaries named in his insurance policies, and the executrix of his estate, collected the insurance. He killed himself in 1922. Immediately thereafter plaintiff in error filed her petition for probate of his will, which will, it seems, left his property to plaintiff in error and his children living at the time of his death." The defendant in error did not learn of the death of her father until 1925. In that year, on May 25th she reached her majority. Nearly one year thereafter she filed her petition asking that the administration proceedings be reopened, and that she be declared a beneficiary under the will, and an heir at law of the estate of the said John H. Dawson, deceased.

The grounds of fraud are that plaintiff in error, as petitioner for the probate of the will, and in all the proceedings had in the administration of said estate, represented to the county court that her three children were the only living children of the deceased, and that there were no other heirs at law.

Considerable testimony was introduced, and both the county court and the district court found that these representations to the county court were false; that plaintiff in error knew of the existence of the defendant in error, and knew that she was a daughter of John H. Dawson, deceased. This amounted to legal fraud, at least.

The county court set aside the order of distribution and final settlement, and reopened the probate proceedings to permit petitioner to claim as an heir at law and participate under the terms and provisions. of the will.

The judgment of the district court affirmed the judgment of the county court. This action was correct. Any other disposition of the cause would not be warranted by law. The action of the trial court finds express support in the 4th sub-division of section 810, Comp. Stats. 1921, which provides the statutory method of setting aside an order or judgment of a court for fraud practiced by the successful party in obtaining the judgment or order.

The legal propositions advanced by plaintiff in error were settled adversely to her contention by the decision of this court in the case of Caulk v. Lowe, 74 Okla. 191, 178 Pac. 101. The opinion in that case is exhaustive, and the law announced therein is controlling here.

The appeal is largely without merit. The judgment of the trial court is hereby affirmed.

LEACH, HERR, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.