KELLEAM et al. v. KELLEAM et al.

No. 30558. Feb. 5, 1946.

Rehearing Denied June 25, 1946.

As Corrected on Denial of Second Petition for Rehearing March 4, 1947.

Third Petition for Rehearing Denied April 1, 1947.

*178 P. 2d 604.*

Glenn O. Young, of Sapulpa, for plaintiffs in errors.

Heber Finch, of Sapulpa, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Creek county rendered on an appeal and which reversed with directions a judgment of the county court of said county which had sustained a demurrer to an amended petition to vacate a decree of heirship and distribution and to reopen an estate for extrinsic fraud alleged to have been practiced which had prevented the petitioners from appearing and defending in said action.

The appeal is brought here by transcript. The essential matters reflected by the record will be briefly stated. On August 8, 1936, Leggette D. Kelleam, a resident of Creek county, departed this life intestate possessed of considerable estate. The deceased left surviving him a brother and sister of the whole blood, two sisters of the half blood and a number of nieces and nephews, children of deceased brothers and sisters of the half blood. The brother and sister of the whole blood, E. A. Kelleam and Nell Southard, sought to claim the entire estate for themselves, and on August 25, 1936, filed in the county court a petition for the appointment of the said E. A. Kelleam as administrator of the estate of the deceased and in said petition alleged that they were the sole and only heirs of the deceased. Upon the allegations so made in said petition the county court granted the same immediately and without notice of any kind. The said E. A. Kelleam thereupon qualified as the administrator of the estate of the deceased by taking the prescribed oath and executing the required bond with the Maryland Casualty Company as surety thereon. The said E. A. Kelleam filed an inventory of the estate and which showed the value thereof in excess of $27,000. Thereafter, on March 3, 1937, the said E. A. Kelleam filed his final account as administrator and on the same day filed a petition for the approval thereof and for a decree of heirship and of distribution of the entire estate to the heirs alleged to be E. A. Kelleam and Nell Southard. Notice that hearing on said petition would be had on March 25, 1937, was given by publication. On the date set for the said hearing the county court approved the report of the administrator in certain respects but refused to determine heirship or to decree distribution for the assigned reason that a controversy had arisen on the question of heirship and therefore directed that the hearing be continued until April 26, 1937. Thereupon the said E. A. Kelleam and Nell Southard filed an amended petition for the approval of the administrator's final account and for a decree of heirship and distribution, and therein for the first time disclosed to the court the fact that the deceased had a number of heirs of the half blood and in said amended petition the names and addresses of the half blood heirs were set forth with meticulous care, but it was explained that said heirs should not be permitted to share in the estate of the deceased on account of the fact that said estate was an ancestral one and therefore one which would descend to the heirs of the whole blood to the exclusion of the heirs of the half blood.

The sole notice given of the hearing of said amended petition was by publication. On the date set for the hearing of said amended petition, to wit, May 18, 1937, the county court adjudicated the heirs of the half blood be in default and decreed the estate to be an ancestral one which descended to E. A. Kelleam and Nell Southard to the exclusion of the heirs of the half blood and ordered distribution made accordingly. Thereafter, the said E. A. Kelleam having produced satisfactory proof that he had complied with the decree of distribution, the estate was settled and closed by final decree dated August 13, 1937, and the administrator and his bond discharged and released. Shortly thereafter, and on September 21, 1937, certain heirs of the half blood upon learning what had happened filed a petition in the county court to vacate the prior decree and to reopen the cause, and on November 16, 1937, joined with other heirs of the half blood, with the exception of certain heirs with whom it was alleged the said E. A. Kelleam and Nell Southard had theretofore made a settlement, in filing an amended petition in which they set forth their relation to the said Leggette D. Kelleam, deceased, and their right to share in his estate and in which petition they alleged that they had been given no notice at any time of the death of the said Leggette D. Kelleam or of the proceeding which had been had in connection with the administration upon his estate and that such information had been deliberately withheld from them by the said E. A. Kelleam and Nell Southard for the purpose of preventing the petitioners from asserting their claims to the estate or to appear and defend therein and for the purpose of inducing the court to make the decree which it had excluding the heirs of the half blood from any interest in said estate, and that the said Nell Southard and E. A. Kelleam had been guilty of fraud and collusion in obtaining the final order in that, among other things, they had perfected some kind of a settlement with certain of the heirs of the half blood before the final order of distribution was made. In said amended petition petitioners prayed that on account of the fraud thus practiced upon the court and the petitioners that court vacate its prior orders and reopen the estate for further proceedings. E. A. Kelleam and Nell Southard by special appearance and motion to quash questioned the procedure by which the court required them to appear and defend against said petition and amended petition, and when the same were overruled filed a demurrer upon general and special grounds. The county court sustained said demurrer and dismissed the petition and amended petition. Petitioners thereupon appealed from said judgment to the district court on the issue of law involved. While said appeal was pending and before the hearing was had thereon the Maryland Casualty Company, surety on the bond of E. A. Kelleam, instituted an action in equity in the United States District Court for the Northern District of Oklahoma, wherein it sought to impose a lien upon the property involved and to obtain the appointment of a receiver therefor and in this action all of the interested parties were impleaded. This litigation was held to have been improvidently instituted. See Kelleam v. Maryland Casualty Company, 312 U. S. 377, 85 L. Ed. 899, 61 Sup. Ct. Rep. 595. The appeal which had been pending in the district court of Creek county was thereupon heard on March 21, 1941, upon motion of the plaintiffs in error to dismiss, and thereafter on June 21, 1941, upon demurrer to the petition and amended petition to vacate the former decree and to reopen the estate. The district court was of the opinion that the demurrer had been improperly sustained by the county court and therefore entered judgment reversing the county court and directing said court to overrule the demurrer and to give the parties a trial upon the petition to reopen the Leggette D. Kelleam estate. Motion for new trial was overruled and E. A. Kelleam and Nell Southard have appealed the cause here by transcript.

As grounds for reversal of the judgment of the district court the plaintiffs in error urge, in substance, that it was error to overrule their motion to dismiss the appeal which had been prosecuted from the judgment of the county court and it was error to overrule the special appearance and motion to quash which they had interposed in the county court to the service of process which had required them to appear and defend against the petition and amended petition to reopen the Leggette D. Kelleam estate, and that said petition and amended petition were vulnerable to demurrer by reason of failure to show that petitioners were without adequate remedy by way of appeal and to sufficiently charge fraud in the probate proceedings, and that the judgment of the county court should have been affirmed by reason of absence of parties therein who were indispensable to a complete determination of the matters involved.

As above pointed out, the appeal here is by transcript. The contentions of the plaintiffs in error relative to errors alleged to have been made in the rulings by the county court on their motion to dismiss and in connection with their special appearance and motion to quash service had upon them cannot therefore be considered. In re Clinton's Guardianship, 176 Okla. 113, 54 P. 2d 609; Whitehead v. Holmes' Sons, 130 Okla. 225, 226 P. 767. If any of the parties prosecuting the appeal from the county court to the district court had the right to so appeal, the failure of some of them to file affidavits of interest was immaterial (see Sporn's Estate, Sporn et al. v. Herndon, 190 Okla. 149, 121 P. 2d 602; Wise v. Cutchall, 171 Okla. 60, 41 P. 2d 864); for in such case the judgment, whether one of affirmance or reversal, affects all the parties equally.

A proceeding to vacate a decree of distribution of an estate is one which arises under and in the exercise of the probate jurisdiction of the county court, Southwestern Surety Ins. Co. v. King, 70 Okla. 290, 174 P. 264, and such a proceeding is to a certain extent sui generis. Hartford Accident & Indemnity Co. v. Goldberg, 178 Okla. 75, 61 P. 2d 704. The sole question which the district court was called upon to determine was whether the petition and amended petition alleged facts sufficient to entitle the petitioners to any relief. The petition and amended petition alleged that the decree sought to be vacated had been obtained by fraud which had prevented the petitioners from making an appearance in the cause until after the decree which was sought to be vacated had been entered. The allegations so made, if true, were sufficient to charge extrinsic fraud such as would entitle the petitioners to the relief which they sought, that is to have the estate reopened and they be given an opportunity to present their claims. Caulk v. Lowe, 74 Okla. 191, 178 P. 101; Forgy, Executor, v. Lamphear, 144 Okla. 245, 291 P. 83; Wheeler v. Bigheart, 172 Okla. 262, 43 P. 2d 1028; Beatty v. Beatty, 114 Okla. 5, 242 P. 766. Where a petition states facts which, if true, will justify the granting of the relief sought, it is error to sustain a demurrer thereto. Schuman v. Williams, 176 Okla. 420, 57 P. 2d 821. The district court properly held that the petition and amended petition were not demurrable and that the county court erred as a matter of law in so holding and properly reversed the cause for further proceedings consistent with such judgment. This is the sole alleged error which, under the record here presented, may be considered. The order and judgment of the district court being correct, it therefore follows that it should be, and the same is hereby, affirmed.

HURST, V.C.J., and RILEY, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, C.J., and OSBORN, J., dissent.