**CLARK v. KINDER et al.**

No. 35449.

Supreme Court of Oklahoma.

April 6, 1954.

Joe Young and John B. Logan, Chandler, for plaintiff in error.

Glenn R. Davis and Horace B. Clay, Tulsa, and P. D. Erwin, Chandler, for defendants in error.

PER CURIAM.

Upon the filing of plaintiff's suit the defendants filed their separate demurrers which were sustained. Plaintiff elected to stand upon his petition and the cause was dismissed. The petition generally alleges that the plaintiff, Orlando Clark, was on the 31st day of May, 1916, committed to the Central State Hospital, Norman, Oklahoma, under insanity proceedings. From time to time he was released from the hospital and again committed, and paroled there-

from on the 26th day of January, 1926. On the 17th day of March, 1951, the County Court of Lincoln County restored him to legal capacity and competency.

It was alleged in the petition that on the 11th day of June, 1918, John J. Davis procured letters of guardianship of the estate and person of the plaintiff, Orlando Clark. The petition alleges that the appointment of the guardian and the letters of guardianship were void, principally for the reasons that the letters of guardianship were issued without there having first been executed and filed an oath as provided by law. That the letters of guardianship were issued without there having been first executed and filed a bond, as provided by law. That same was procured by fraud of the said John J. Davis in that he represented that due and legal notice had been given to Orlando Clark, and that the notice was insufficient both as to law and form because it did not run in the name of "The State of Oklahoma." Further, that Orlando Clark was not brought before the court at the hearing. There were other grounds which are not serious enough to mention.

Plaintiff sought in his first cause of action to vacate the order appointing the guardian and the letters of guardianship, and asked that plaintiff be restored to all the rights lost by the illegal and void appointment.

In his second cause of action the plaintiff says that on March 10, 1919, John J. Davis, purporting to be the guardian of Orlando Clark, instituted an action entitled Ray Clark, a minor, by John J. Davis, his next friend, and Orlando Clark, Incompetent, by John J. Davis, his guardian, against Minnie Clark Williams, Defendant, in the District Court of Lincoln County seeking to partition a certain tract of land in which plaintiff owned an undivided one-third interest. The petition alleges further that judgment in partition was rendered and thereafter, on June 11, 1919, by sheriff's sale, the defendant, Joseph E. Kinder, became the purchaser by sheriff's deed Plaintiff alleged that the judgment and the sheriff's deed pursuant to the sale were illegal and void for the reasons,

principally, that John J. Davis was never legally appointed guardian of Orlando Clark. Further, that the District Court of Lincoln County had no jurisdiction of the parties or subject matter. Next, that the petition in the partition suit did not state a cause of action, as it shows on its face that the estate of Margaret S. Clark was pending then in the county court of Lincoln County, and that the District Court therefore had no jurisdiction to determine heirs or partition the property. Further, that the partition suit was brought and judgment rendered by reason of fraud on Orlando Clark because John J. Davis was a licensed attorney and had appointed Foster & Feuquay, other attorneys, to institute the action to cause large attorney fees.

That the judgment was rendered before the issues had been made up ten days, as provided by law. Further, that in the partition suit, when Minnie Clark Williams, administratrix of the estate of Margaret S. Clark, was permitted to intervene, the court lost jurisdiction and must dismiss the case.

Plaintiff then alleged that on April 20, 1950, the defendant, Joseph E. Kinder and Gertrude C. Kinder, his wife, executed and delivered to the Wilcox Oil Company, a corporation, an oil and gas mining lease and that the defendants Kinder and the Wilcox Oil Company had actual and constructive notice of the facts that the said action in partition and the sheriff's sale were void and that plaintiff was suffering under a legal disability. In the prayer for relief plaintiff sought to vacate the sheriff's deed, vacate the oil and gas mining lease and to have plaintiff decreed to be the owner in fee simple of an undivided one-third interest in the lands, free and clear of oil and gas mining lease, and that his title be quieted and confirmed as to the said undivided one-third interest.

In his third cause of action plaintiff sought one-third of the rents, profits and income from June, 1919, including any and all gas, oil, bonus monies, annual rentals and royalties received by the defendant Kinder on the rents.

The principal grounds relied on in the brief of plaintiff in error are as follows:

1. That the appointment of the guardian is void because made without due service of process as provided by law.

2. That notice of hearing was not served by a person authorized by law, nor appointed by the court.

3. That the appointment was void because the letters of guardianship were issued on a day other than the day set for hearing, and without there having first been filed an oath and bond, as provided by law.

4. That the appointment of the guardian being void, then all proceedings, including the partition action, were void and could be attacked either in the original action or in an independent action.

5. That the District Court of Lincoln County had no jurisdiction to order partition and sale of the property, principally for the reason that the partition suit showed on its face that the estate of Margaret S. Clark was pending in the county court of Lincoln County, and that Margaret S. Clark had not been deceased for three years and her estate was then being probated by the county court. Therefore, the petition in partition was void and all proceedings thereunder were void.

We will deal with each of these contentions in turn.

The contention that the appointment of guardian was void because made without due service of process is not well taken. It is plaintiff's contention that the notice of hearing upon petition for guardianship is void because it does not run in the name of "The State of Oklahoma." This contention cannot be sustained.

In Burns v. Pittsburg Mortgage Inv. Co., 105 Okl. 150, 231 P. 887, 888, it was held:

"Section 19, art. 7, of the Constitution and section 862, Compiled Laws of 1921 [12 O.S. 1951 § 51], providing that the style of all writs and processes shall be 'The State of Oklahoma,' has reference only to that character of writs and processes which under the

common law run in the name of the king, and such provisions have no application to a notice by publication."

In Harrison v. Orwig, 149 Okl. 54, 299 P. 143, 144, it was held:

"Notice of hearing a petition for sale of real estate of a minor in guardianship proceedings is not 'process' within the meaning of sections 862 and 1086, C.O.S. 1921 [12 O.S. 1951 § 51, 58 O.S. 1951 § 3]."

See, also, Bearhead v. American Inv. Co., 157 Okl. 84, 10 P.2d 1086.

Plaintiff's second contention is that notice of hearing was not served by a person authorized by law nor appointed by the court The facts in this case show that a notice of hearing of petition for letters of guardianship was issued on the 31st day of May, 1918, setting the guardianship hearing for the 10th day of June, 1918, in the county courtroom, Chandler, Oklahoma, and according to the return on the notice it shows that one M. Anderson served the notice on June 5, 1918, by delivering to Orlando Clark, personally, within Lincoln County, a true copy of the notice.

■ The notice of hearing of the petition for appointment of guardian is not required to be served by an officer.

The statute, Title 58, Section 851, requires only "the judge must cause notice to be given to the supposed insane or incompetent person". No particular manner of service is required. A similar notice and proof of service was approved by this court in Sebring v. Bigheart, 142 Okl. 165, 286 P. 319, on the ground that it was in substantial compliance with the requirements of the statute.

■ The petition does not directly attack the manner in which the notice was served. It is not alleged that the party making the service was not an officer. It will therefore be presumed that he was properly designated to serve the notice. In re Crouch's Estate (Crouch v. Crouch), 191 Okl. 74, 126 P.2d 994.

It was not necessary that the notice be served by an officer.

In re Andrews' Guardianship (Andrews v. Andrews) 17 Cal.2d 500, 110 P.2d 399, 400:

"An attorney for person filing petition for appointment of guardian for an alleged incompetent not being a party to action, was competent to serve the citation on the alleged incompetent. Code Civ. Proc. § 410; Probate Code, § 1461."

■ Plaintiff's third contention is that the appointment was void because the letters of guardianship were issued on a day other than the day set for hearing, and without there being first filed an oath and bond as provided by law. There is no allegation of facts to show that the letters of guardianship were issued on a day other than the day set for hearing, and the record shows that the defendants filed a motion to require plaintiff to make plaintiff's petition more definite and certain by attaching a copy of the bond. This was resisted by plaintiff and the court overruled the motion, so, therefore, we feel that plaintiff's argument as to the oath and bond is without merit.

■ The next contention relied upon was that the alleged incompetent, Orlando Clark, was not brought before the court at the guardianship hearing. As far as we read the record, the presumption is that he was present or that it was properly shown that he was unable to attend. The entry of an order of incompetency imports a finding of all jurisdictional facts. Armstrong v. Martin, 203 Okl. 565, 223 P.2d 1072.

The next contention of the plaintiff in error is that the partition action was void because the appointment of the guardian was void and since we have held that the guardian's appointment was not void, that disposes of this contention.

■ This brings us to the principal ground. Plaintiff's main argument is that the district court did not have jurisdiction to order partition and sale of the property in the partition suit, and the principal objection is that the petition showed that the administration of the estate of Margaret

S. Clark was pending in the county court, and, therefore, the district court did not have jurisdiction. The facts as to this were that the partition suit was filed by Ray Clark, a minor, by John J. Davis, his next friend, and by Orlando Clark, an incompetent, by John J. Davis, his guardian. Orlando Clark had inherited a ⅖ths interest in the property from his father, William Clark, George Clark, the father of Ray Clark, had also inherited ⅖ths interest as a son of William Clark, deceased, and Ray had inherited his father's ⅖ths interest. The two plaintiffs therefore owned ⅘ths interest in the property. The defendant, Minnie Clark Williams, had inherited a ⅖ths interest from her father, William Clark. Minnie Clark Williams was also the administratrix of the estate of Margaret S. Clark, widow of William Clark, deceased, and she filed an application to intervene and join as party defendant. A different question would be presented if this was the estate of Margaret S. Clark that was involved in the partition suit and owned the land that was being partitioned. However, this is not so, because the partition was of the property inherited from the father, William Clark, and there were no pending administration proceedings upon the estate of William Clark.

We have held that the district court has jurisdiction in partition suits. The rights of a cotenant cannot be suspended because of the death of a tenant in common. The right of partition is absolute. Thomsen v. Thomsen, 196 Okl. 539, 166 P. 2d 417, 164 A.L.R. 1426.

For the foregoing reasons we believe that the court below was correct in sustaining the demurrer to the petition.

Judgment affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

This court acknowledges the services of Attorneys Robert Woolsey, A. C. Saunders and Frank Settle, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.