**Alice BLANCETT, Plaintiff in Error,**

v.

**Amos ESLINGER, Mollie Hawkins and Maggie Eslinger, Defendants in Error.**

No. 37696.

Supreme Court of Oklahoma.
March 11, 1958.
Rehearing Denied April 15, 1958.

Dale & Dale, Guymon, for plaintiff in error.

Frank Ogden, Alice C. Stamper, Guymon, for defendants in error.

WILLIAMS, Justice.

On August 29, 1956, Amos Eslinger, Mollie Hawkins and Maggie Eslinger, hereinafter referred to as petitioners, filed a petition in the County Court of Texas County, Oklahoma, asking that their mother, Martha Eslinger, be declared an incompetent and that two of them, Amos Eslinger and Mollie Hawkins, be appointed guardians of her estate and person. On September 4, 1956, such petition was heard and allowed and an order entered appointing Amos Eslinger and Mollie Hawkins as

the guardians of the person and estate of the said Martha Eslinger.

Thereafter, and on September 28, 1956, Alice Blancett, hereafter referred to as movant, a fourth child of the alleged incompetent, filed a motion to vacate the judgment and order decreeing said Martha Eslinger to be an incompetent and appointing guardians, which motion alleged in substance that the citation in the matter had not been issued, served and returned according to law; that Martha Eslinger is not a resident of Texas County, Oklahoma, but is a resident of Benton County, Arkansas, and was adjudged competent to handle her own affairs by the Probate Court of said county on the 12 day of July, 1956; that petitioners, after failing in their objective in Arkansas, induced the said Martha Eslinger, by fraud, artifice and force, to accompany them to Texas County, Oklahoma, where she has against her will ever since been held; that no notice was served on movant as required by law; that although able to attend and required by law to attend if able, the said Martha Eslinger was not produced before the court in the action, and although residing with petitioners or some of them, it was concealed from her that there was to be a hearing on her competency and that she should be present. Such motion was duly verified.

Petitioners filed a demurrer to such motion to vacate judgment and on October 4, 1956, the county court entered an order sustaining such demurrer on the stated grounds "that even though every allegation of the movant was conceded to be true, the county court would still be without power to vacate its judgment and order appointing guardian because the proceedings were regular on their face." On October 8, 1956, the county court on its own motion vacated the order sustaining demurrer and set such demurrer for further hearing on October 22, 1956. On the last mentioned date the county court again entered an order sustaining the demurrer to movant's motion to vacate judgment and order appointing guardian. Movant thereupon appealed to the district court, which court affirmed the action of the county court in sustaining the demurrer to movant's motion to vacate judgment and order appointing guardians, and movant has perfected her appeal to this court.

The theory of petitioners, which appears to have been adopted by the county and district courts, is that the proceedings of the county court were regular upon their face, and therefore not subject to collateral attack, that each of the causes set forth in the motion to vacate as a reason for vacating the judgment were either fact issues determined at the time of the original hearing by the county court, or are of such nature that if true, will not and do not affect the jurisdiction of the court to render the judgment appointing the guardians, and that if error has been committed in the adjudication and appointment of guardians, the only remedy available therefor is by appeal or by the institution of proceedings to have Martha Eslinger restored to competency. We do not agree.

■ It is of course true, as contended by petitioners, that the appointment of a guardian by the county court imports jurisdiction of the court so to do, and it will be inferred from the fact that such appointment has been made that all the facts necessary to vest the court with jurisdiction to make the appointment have been found to exist before the same was made, and such order so made is not subject to collateral attack. Tucker v. Leonard, 76 Okl. 16, 183 P. 907; Hathaway v. Hoffman, 53 Okl. 72, 153 P. 184; Holmes v. Holmes, 27 Okl. 140, 111 P. 220, 30 L.R.A.,N.S., 920. We are not here concerned, however, with a collateral attack upon the judgment and order appointing guardians, but with a direct attack thereon.

■ It is well settled that the provisions of 12 O.S.1951 secs. 1031 to 1038, relative to the vacation of judgments in district court, are by virtue of 12 O.S.1951 sec. 984, equally applicable to county courts, and that by virtue thereof the county court has jurisdiction to set aside its orders

and judgments for fraud practiced by the successful party in obtaining such orders or judgments, or for the other reasons specified in such statutes. Hartford Accident & Indemnity Co. v. Goldberg, 178 Okl. 75, 61 P.2d 704; Wheeler v. Bigheart, 172 Okl. 262, 43 P.2d 1028; Forgy v. Lamphear, 144 Okl. 245, 291 P. 83; Caulk v. Lowe, 74 Okl. 191, 178 P. 101.

In the opinion in Wheeler v. Bigheart, supra, [172 Okl. 262, 43 P.2d 1030.] this court said:

"Stripped of legal phraseology and technicalities, counsel for Bertha Bigheart Wheeler now contends that the county court of Osage County had no authority to set aside its decree of October 19, 1929, awarding Bertha Bigheart Wheeler one-twelfth of the estate of Rita Smith, deceased. Or to state it another way, the controlling question presented to this court is: Where a judgment is rendered in county court through withholding the proper information, perjury on the part of the prevailing parties or legal fraud practiced upon the court to the extent that there was no real hearing or contest at the time of trial, and where there are no intervening rights of innocent third parties, and where the administration proceedings are still pending and no disposition of the property has been made and no estoppel arises, does the county court have jurisdiction to vacate such an erroneous decree when the mistake is called to its attention? Our answer is in the affirmative."

In the same opinion, this Court also said:

"While the above was an equity case, yet any extrinsic fraud practiced upon the county court which would operate to cause 'no adversary trial or decision of the issue,' or 'no real contest at the trial' to be had, would justify our county courts in employing their legal powers to vacate their judgment just as much as it would justify a court of equity from interfering with the judgment of some other court. The facts herein cause this case to fall within the exception to the general rule.

"In the case of Caulk v. Lowe, 74 Okl. 191, 178 P. 101, 106, this court held: 'It cannot be questioned that under sections 5267 to 5275, Revised Laws, inclusive, the county court had jurisdiction to set aside its orders and judgment for fraud practiced by the successful party in obtaining such orders or judgment.'"

See also, Appeal of Barnett, 122 Okl. 160, 252 P. 410, which was a case in which the county court of Okmulgee County entered an order adjudging Barnett incompetent and appointing a guardian for his person and estate. Thereafter a motion was filed to vacate the judgment and order appointing guardian. The county court and the district court on appeal sustained a demurrer to such motion to vacate, but on appeal to this court the judgment was reversed and remanded with directions to vacate the appointment of guardian.

■■■ A proceeding to vacate a judgment and order appointing guardians for an alleged incompetent is one which arises under and in the exercise of the probate jurisdiction of the county court. Southwestern Surety Ins. Co. v. King, 70 Okl. 290, 174 P. 264. The county court in the exercise of its probate jurisdiction may vacate judgments and orders which have been obtained by extrinsic fraud. Kelleam v. Kelleam, 198 Okl. 380, 178 P.2d 604.

■■■ The sole question which the county court and the district court on appeal was called upon to determine was whether the motion to vacate judgment and order appointing guardians alleged facts sufficient to entitle movant to any relief. The allegations of the motion to vacate judgment and order appointing guardians have already been hereinabove set forth. By virtue of 30 O.S.1951 sec. 8, the county courts of this state have jurisdiction to appoint a guardian of the person and the property of a person of unsound mind residing within this state, but by virtue

of 30 O.S.1951 sec. 9, the county courts of this state only have jurisdiction to appoint a guardian of the property within this state, for a person of unsound mind not residing within this state. Under 58 O.S. 1951 sec. 851, when application is made for the appointment of a guardian of the person or property or both of a resident of this state, the only notice required to be given is not less than 5 days notice to the person alleged to be incompetent, but provision is made that the alleged incompetent, if able to attend, must be produced before the County Judge on the hearing. Under 58 O.S.1951 sec. 861, when appointment of a guardian of the property within this state of an alleged incompetent not residing in this state is sought, notice must be given to all interested, in such manner as the Judge orders, and a full hearing and examination had. These statutes are mandatory, and the giving of the prescribed notice is jurisdictional. Ross v. Breene, 88 Okl. 37, 211 P. 417. The petition for appointment of guardian in this matter alleges that Martha Eslinger is a resident of Texas County, Oklahoma, and the only notice purported to have been given was a notice to the said Martha Eslinger. The order appointing guardians purports to appoint guardians for both the person and estate of the alleged incompetent, although we note that such order contains no finding whatsoever that Martha Eslinger was or is in fact incompetent, and no finding that the said Martha Eslinger was either produced before the court at the hearing or was unable to attend. We are of the opinion, and hold that the allegations of the motion to vacate, to the effect that Martha Eslinger is not a resident of Texas County, Oklahoma, but is a resident of Benton County, Arkansas; that the presence of Martha Eslinger in Texas County, Oklahoma, was procured by fraud, artifice and force and that she has ever since been held there against her will; that the said Martha Eslinger was adjudged competent to handle her own affairs by the Probate Court of the county of her residence in the State of Arkansas on July 12, 1956; that no notice was served on movant, an interested party (which notice is admittedly required by statute if the alleged incompetent is in fact a non-resident of this state) ; and that the alleged incompetent was able to attend the hearing, but was not produced before the court as required by law, and that it was concealed from her that there was to be a hearing on her competency and that she should be present, if true, were sufficient to charge extrinsic fraud such as would entitle movant to the relief sought, that is, to have the order appointing guardians vacated and the alleged incompetent given an opportunity to defend therein. Where a petition, or motion when such is the appropriate pleading, states facts which, if true, will justify the granting of the relief sought, it is error to sustain a demurrer thereto. Kelleam v. Kelleam, supra.

In arguing the case at bar, petitioners have relied most heavily upon the case of Armstrong v. Martin, 203 Okl. 565, 223 P. 2d 1072, and particularly the language therein to the effect that the county court in settling the final account of the guardian was without jurisdiction to review any prior final order of that court and set the same aside on the ground that it was obtained through fraud. Such language was actually correct as applied to the state of facts involved in such case, but appears to be subject to a much broader interpretation than was actually intended. It should be noted that in that case, there was pending before the county court the final account, and a protest against the allowance of certain items in such account. Although the basis of the protest was a contention that an order of the court approving a certain contract had been obtained by fraud, the same did not constitute a direct attack upon such order of the court, but at best constituted only a collateral attack thereon. The effect of the language used in the opinion is, therefore, merely to restate in different language the rule already hereinabove announced, that a final order of a county court is not subject to collateral attack, which principle, as we have already demonstrated, has no applica-

tion to the case at bar. Such case did not hold, and was not intended to hold, that a county court in the exercise of its probate jurisdiction, could not vacate judgments and orders which had been obtained by extrinsic fraud, when its statutory jurisdiction so to do has been properly invoked.

The judgment appealed from is reversed and the cause remanded with instructions to overrule petitioners' demurrer.

WELCH, C. J., and DAVISON, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

HALLEY, J., dissents.